UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
JOHN DOE,                                                                       )
                                    Plaintiff,                 )
                                                  )
v.                                                                              ) Case No.
                                                  )
CITY OF NEW YORK, DORA SCHRIRO                                                  )
COMMISSIONER LOUIS MOLINA, NOEL MERCED,                                         )
KEVIN DIMIO, P.O. DIOMEDE, JOHN                                                 )
JACKSON, SUZZANE TAHA, MICHAEL MANNING,                                         )
STEPHEN CAVANDISH, SGT. KITCHEN, RADAMES                                        )
TIRADO, Jennifer De La Cruz and John Does 1-5                                   )
                                                  )
                                  Defendant.                )
------------------------------------------------------------------------------X

## MOTION TO PROCEED ANONYMOUSLY

1. Plaintiff B.R. respectfully moves this Court for an order permitting him/her/they to proceed anonymously in this action pursuant to the Federal Rules of Civil Procedure and relevant case law.

## BACKGROUND

2. B.R. was incarcerated at Riker's Island when he was eighteen years old. He informed Rikers staff he was eighteen ("18") and that he should be housed with minors. To punish him for perceived insubordination, he was housed in a maximum security prison with known sexual predators. Department of Correction staff arrested and assaulted Plaintiff and took his shoes. After the encounter, his severely injured arm continued to dislocate and was placed in a sling where it remained during the entire time he was incarcerated in OBCC Annex. He was also placed in a cell with a gate that did not lock shut. Predictably, the sexual predators opened his cell and raped him multiple times. He initiated a lawsuit 11 years ago in State Court and that lawsuit is still pending. He seeks to bring this lawsuit under the Adult Survivors Act that is now

in effect in New York. Given that he has changed his name, he does not wish to have his identity revealed.

## ARGUMENT

3.   The Federal Rules of Civil Procedure provide that a plaintiff may proceed anonymously in a civil action in certain limited circumstances. Rule 10(a) requires a plaintiff to include his/her/their name in the caption of the complaint. However, Rule 10(c) allows a court to order that a party's name be withheld from the public record "for good cause shown."

4.   The Supreme Court has recognized that in some circumstances, an individual's interest in anonymity may outweigh the public's interest in knowing the plaintiff's identity. In <u>Doe v. Frank</u>, 951 F.2d 320, 323-24 (11th Cir. 1992), the Eleventh Circuit held that a plaintiff's interest in preserving anonymity may be based on "fear of retaliation, damage to reputation, or other harm," and that the court must balance this interest against the public's interest in knowing the plaintiff's identity.

5.    Similarly, in <u>Doe v. Megless</u>, 654 F.2d 344, 346 (5th Cir. 1981), the Fifth Circuit held that a plaintiff's "right to remain anonymous must be balanced against the defendant's right to know the identity of his accuser and the public's interest in knowing the facts underlying the litigation."

6.   In this case, Plaintiff B.R. has a legitimate fear of retaliation, harm and increased mental anguish and psychological damage  if his  identity is revealed.   Given fact that the defendants in this matter have, upon information and belief, destroyed videotape evidence and refused to provide the complete videotape in their possession, falsified documents to secure charges against him while he was an inmate, falsified documents prior to his conviction to ensure that he enter an adult prison and continued failure to acknowledge the harm they have caused and continue to cause to him both physically and psychologically, as well as the damage to his

reputation, plaintiff seeks to have his identity protected. The public's interest in knowing Plaintiff's identity is minimal, given that the plaintiff was eighteen at the time he was repeatedly raped.  As a rape victim, his identity does not involve matters of public concern or public safety. Upon information and belief, claims of rape are often not made because victims are traumatized, consequently Courts routinely allowed victims to prosecute cases anonymously and under the Adult Survivors Act in New York, the state courts have routinely adopted anonymous designations as a matter of policy.  Moreover in this case, the plaintiff has a legitimate concern regarding his safety as he alleges constant harassment.  See, Doe v. Mukasey, 549 F.3d 861 (9th Cir. 2008), John Doe v. New York State Police, 147 A.D.3d 1285 (3d Dept. 2017) (the court allowed a plaintiff to proceed anonymously in a lawsuit against the New York State Police, citing the plaintiff's fear of retaliation and harassment), Doe v. Roman Catholic Diocese of Rochester, 289 A.D.2d 1016 (4th Dept. 2001) (the court allowed a plaintiff to proceed anonymously in a lawsuit against the Roman Catholic Diocese of Rochester, citing the plaintiff's fear of embarrassment and retaliation); John Doe v. City of New York, 140 A.D.3d 489 (1st Dept. 2016)(the court allowed a plaintiff to proceed anonymously in a lawsuit against the City of New York, citing the plaintiff's fear of retaliation and harassment).

## CONCLUSION

7.  Plaintiff B.R. respectfully requests that this Court grant his motion to proceed anonymously in this action. Plaintiff submits that the balance of interests favors anonymity and that the public's interest in knowing Plaintiff's identity is minimal. Plaintiff further requests that the Court order that any pleadings or orders filed in this case refer to Plaintiff only as "John/Jane Doe" or by a pseudonym.

Respectfully submitted,

Rawlins Law, PLLC
/s/ Gary N. Rawlins
777 Westchester Avenue, Suite 101
White Plains, New York 10604
212-926-0050