UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          Docket No.: 23-cv-03202

---------------------------------------------------------------X          **COMPLAINT AND JURY DEMAND**
**John Doe,**                                                                      :
                              Plaintiff,          :
             -against-                          :
                                           :
City Of New York, Dora Schriro,                                   :
Commissioner Louis Molina, Noel Merced,             :
Kevin Dimio, P.O. Diomede, John Jackson,           :
Suzzane Taha, Michael Manning, Stephen             :
Cavandish, Sgt. Kitchen, Radames Tirado,            :
Jennifer De La Cruz                                                     :
and John Does 1-5                                                      :
                              Defendants.          :
---------------------------------------------------------------X

Plaintiff, JOHN DOE, by his attorney GARY N. RAWLINS, as and for his Complaint against the Defendants respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983, 1985 and 1986,  42 U.S.C. § 1988, and 18 U.S.C  §241 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States.  This action is timely as it is brought  pursuant to the Adult Survivors Act and CPLR 214-j, and plaintiff claims, among other acts of civil rights violations, that the defendants violated the Eighth Amendment by inflicting cruel and unusual punishment by knowingly causing, permitting and allowing his rape and/or that the defendants were deliberately indifferent to the substantial risk of serious harm to Plaintiff as a result of the improper housing of the then 18 year old Plaintiff.

**JURISDICTION**

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. 1988 and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.   This Court has supplemental jurisdiction of the Adult Survivors Act and CPLR 214-j.  Plaintiff asserts a claim under the Adult Survivors Act, New York Civil Practice Law and Rules § 214-G, which extends the statute of limitations for childhood sexual abuse claims to include claims by adults who were previously time-barred from bringing such claims.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

**VENUE**

4.      Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6.      Plaintiff, John Doe, is a citizen of the United States, and at all relevant times a resident of Brooklyn, New York, and State of New York.

7.      Defendant, City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant, City of New York, through the Department of Corrections ("DOC") maintains a correctional facility known as Riker's Island, a duly authorized public authority authorized to perform all functions of a correctional facility, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9.     Defendant, City of New York maintains a police department known as the New York City Police Department ("NYPD") acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

10.     That at all times hereinafter mentioned, FORMER COMMISSIONER DORA SCHRIRO, was the COMMISSIONER of the New York City Correctional System, including Riker's Island and was a duly sworn policy administrator and final decision maker of said department and was acting under the supervision and with the authority of the City of New York and according to her official duties.

11.     COMMISSIONER LOUIS A. MOLINA, is the COMMISSIONER of the New York City Correctional System, including Riker's Island and is a duly sworn policy administrator and final decision maker of said department and is acting under the supervision and with the authority of the City of New York and according to his official duties.

12.     That at all times hereinafter mentioned, FORMER CAPTAIN NOEL MERCED, was a Captain with the New York City Correctional System at Riker's Island and he was a duly sworn policy administrator and decision maker of said department and acted under the supervision and with the authority of the City of New York and according to his official duties.

13.  That at all times hereinafter mentioned, KEVIN DIMIO, P.O. DIOMEDE, JOHN JACKSON, SUZZANE TAHA, MICHAEL MANNING, STEPHEN CAVANDISH, SGT. KITCHEN, RADAMES TIRADO were members of the service and employed as police officers, detectives, sergeants  with the New York City Police Department and each were duly sworn officers who took an oath to properly complete documentation, including documentation related to plaintiff's age.

14.  At all times mentioned, State Defendants Jennifer De La Cruz and John Does 1-5 were  employees of the Kings County District Attorney's Office responsible for inputting information into the computer system and on documentation, including information related to plaintiff's age.

15.  That all times hereinafter mentioned the Defendants, either personally or through their employees, were acting under the color of state and city law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and City of New York.

16.  Each and all of the acts of the individual Defendants alleged herein were done by said Defendants while acting within the scope of their final policy/decision making authority and/or within the scope of their employment by the Defendant City of New York and/or the State of New York.

17.  Each and all of the acts of the individual Defendants alleged herein were done by said Defendants while acting in furtherance of their employment by the Defendant City of New York.

18.  At all times mentioned in this Complaint, the individual Defendants acted jointly and in concert with each other. Each individual Defendant had the duty and

opportunity to protect the Plaintiff from the unlawful actions of the other individual Defendants but each individual Defendant, either knowingly, through gross deliberate indifference or both,  failed and refused to perform such duty, thereby proximately causing the Plaintiff's injuries.

19.    The DOC defendants abused process by falsely charging Plaintiff with having  committed a crime against defendant Noel Merced and falsifying records to further support and facilitate the conspiracy of cruel and unusual punishment against Plaintiff.

20.    DOC Defendants maliciously prosecuted Plaintiff to further the eighth amendment violations against Plaintiff.

21.    When Plaintiff alerted the DOC defendants to the Eighth Amendment violation in writing, defendants denied them without investigating the merits of the Plaintiff's claims and feigned ignorance of, among other things, his age when he was placed in housing for the most violent inmates and the of the risk that he would be repeatedly raped.

22.    As a result of the defendants constant denials of his claims and the assertion that his claims are fake have resulted in extreme emotional distress and anguish to the Plaintiff and have disrupted his daily routine and caused  a high degree of psychological pain and emotional damage.

23.    Plaintiff seeks punitive and exemplary damages because the defendants acted with malice.

24.    Upon information and belief, THE CITY NYPD DEFENDANTS intentionally inserted the incorrect birth date for Plaintiff so that he would be placed in a

higher classification than his age permitted, subjecting him to an increased threat of assault and violence, including sexual assault.

25.     Upon information and belief,The State DEFENDANTS JENNIFER De La Cruz and John Does 1-5 intentionally inserted the incorrect birth date for Plaintiff so that he would be placed in a higher classification than his age permitted, subjecting him to an increased threat of assault and violence, including sexual assault.

26.     Plaintiff seeks prejudgment and post judgment interest, court costs and attorneys fees.

## **FACTS**

27. Plaintiff, by and through his attorneys, RAWLINS LAW, PLLC, complaining of the Defendants herein, as and for his Verified Complaint in the above-entitled action, respectfully show to this Court, and allege upon information and belief, as follows:

28. JOHN DOE was an inmate at Rikers Island from December 18, 2010 through August 18, 2011.

29. Pursuant to the Adult Survivors Act and CPLR 214-j, 14 U.S.C § 1983 , the Plaintiff brings this action and alleges that the defendants THE CITY OF NEW YORK, FORMER COMMISSIONER DORA SHIRO and FORMER CAPTAIN NOEL MERCED jointly and severally, in their official and individual capacities, violated JOHN DOE'S civil rights by causing, permitting and allowing him to be placed in the highest (where the most violent inmates are housed) housing classification possible despite his age of eighteen at the time.  Defendants COMMISSIONER LOUIS A. MOLINA and the CITY OF NEW YORK, continue to deny the plaintiff's allegations despite documentary and videotape evidence and direct testimony supporting Plaintiff's claims.  Upon information

and belief, the defendants are in possession of videotape and documentary evidence from the Plaintiff as well as other relevant materials.

30.   Despite informing the staff on each trip to court related to the then pending criminal matter that he was not supposed to be in the maximum security area of the prison, Plaintiff  was told he had to remain there.

31. On or about February 20, 2011, Captain Noel Merced struck Plaintiff in the face and head causing contusions to Plaintiff's face/head, and  head injuries. Merced then supervised an unprovoked assault on the Plaintiff as Plaintiff stood with both arms locked  in his folded mattress across his body.   The entire incident was recorded on video.  Although the plaintiff was able to obtain a portion of the videotape in a state court action alleging excessive force, the defendants have, despite numerous requests, refused to turn over the entire recording.   The portion of the recording provided can be seen by clicking on or cutting and pasting the attached link.   Cell Search.mp4.

(https://drive.google.com/file/d/0B3xJXD6wHEGJZy1jd2g0R3JEMkE/view?usp=share_link&resourcekey=0-T3Gox0dvTb6sVtvJ7M9m5w).  Deposition testimony from defendant Merced revealed that 18 year olds were to be housed with juveniles and that it is common sense that if an officer is doing their job and is vigilant, something like that won't occur.   Housing of 18 year olds.MOV

(https://drive.google.com/file/d/1IXMsZKfEHtTQCHesoO4P11CRFmxB660B/view?usp=share_link);  Classification of inmates clip.MOV,

(https://drive.google.com/file/d/13QonD9Kt0R-MvR5XT1nQI_ACkyVgsIlz/view?usp=share_link),  Preventing inmate sexual assault.MOV

(https://drive.google.com/file/d/1BkKuNRvAjm5TPMISYUvAPHz2kc6dpjxB/view?usp=share_link).

32.   This action falls within one or more exceptions set forth in CPLR Section 1602.

33.   As a result of the assault and battery; and gang assault on John Doe, he sustained back pain and severely injured shoulder that dislocated frequently.  The arm was placed in a sling where it remained beyond his August 18, 2011 release date.

34.   Plaintiff alleges that he was placed in a cell that could be pulled open by simply quickly pulling the door despite the cell door being locked.

35.  At or around February 20, 2011, The City of New York employed DORA SCHIRO as Commissioner of the Riker's Island Jail Facility.

36.  At or about February 20, 2011, The City of New York employed NOEL MERCED as a Captain in the Department of Corrections at Riker's Island.

37.  On or about December 2010, defendants NYC, DORA SCHIRO and NOEL MERCED caused, permitted and allowed JOHN DOE to be, become and remain placed in the adult prison and ultimately in the highest level of classification amongst the 19 and older inmates, despite the fact that he was 18 at the time he entered Riker's and required mandatory housing in an adolescent facility designated for persons eighteen and under.  Moreover, the defendants housed the Plaintiff in the highest classification level despite his age of 18.

38.  As a result of NOEL MERCED'S  assault on Plaintiff and the subsequent arrest, Plaintiff  sustained serious injury to his arm/shoulder.

39.   Plaintiff was provided limited medical care and returned to his cell.

40.  The cell provided to Plaintiff was defective and easily opened if pulled.

41.  Plaintiff alleges that sexually predatory inmates from within the tier in which he was housed in pulled his cell door open and forcibly raped him.  This happened on more than one occasion.

42. With the passage of the Adult Survivors Act, those who have endured such abuse need no longer be silent. The Adult Survivors Act revives previously barred claims (see CPLR214-j), creating a one-year window within which to file such claims beginning November 24, 2022. As such, this claim is timely.

43.  Pursuant to the Adult Survivors Act and CPLR 214-j, and its supporting Legislative filings, the filing and/or service of a notice of claim is not required nor is it a condition precedent prior to the filing of this complaint and a complaint brought pursuant to CPLR § 214-j is not barred by any statute of limitations or notice of claim or notice of intention to file a claim requirement.

44. Plaintiff also brings this action against Defendants for deprivation of rights and excessive force pursuant to the Adult Survivors Act.

45. Plaintiff further brings this action against each of the Defendants for causing, creating, permitting and allowing the maintenance of  a jail system that subjects teens and adults to cruel and unusual punishment in the form of sexual abuse pursuant to the Adult Survivors Act, 42 U.S.C 1983.

46.  Noel Merced, who had a duty based on his oath,  knew or should have known that Plaintiff was underage and should have been housed amongst other adolescents.

47.   The video evidence reveals that Noel Merced knew that Plaintiff was housed with a high concentration of sexual predators whom he refers to as "Fruits." He violated his oath as a Sergeant in causing permitting and allowing the Plaintiff's arm to be damaged and leaving him in OBCC where there was a high probability that the injured Plaintiff would be sexually assaulted and in failing to act to prevent the sexual assaults.

48.   Dora Schriro knew or should have known that Plaintiff would be sexually assaulted by predators within the section where Plaintiff was housed and should have acted to prevent Plaintiff from being sexually assaulted in his cell.

49.   Dora Schriro knew of such assaults and other acts of excessive force being committed against Plaintiff and others and actively conspired with defendants and staff to cover up the abuse. She violated her duty and oath as the Commissioner in failing to prevent the attacks.

50.   Contrary to her oath as Commissioner, Dora Schriro ratified a system in which false incident reports were generated and allowed the Defendant Merced to physically assault inmates, create false reports, and tamper with evidence to cover up the assaults and exonerate himself and other DOC employees and the City.

51.   Defendants violated DOC policy by actively participating in the cover up of the gang assaults suffered by Plaintiff, by obstruction and tacitly agreeing to violate Plaintiff's civil rights and Constitutional Laws, by generating false incident reports, failing to investigate, failing to supervise and failing to hold DOC employees accountable for Plaintiff's abuse.

52.   Defendant THE CITY OF NEW YORK is vicariously liable and responsible for the acts and omissions of its employees and  NOEL MERCED is responsible for his

own acts and omissions which caused, allowed, and permitted acts of sexual abuse and sexual assault to occur.   New York City is also liable under the corporate complicity doctrine, as Defendants' superior officers authorized, participated in, consented to, ratified, and/or affirmed the conduct in question, including the sexual abuse of Plaintiff.

53. Defendant THE CITY OF NEW YORK is vicariously liable and responsible for the acts and omissions of their employees and the defendants are responsible for their own acts and omissions which caused, allowed, and permitted the acts of sexual abuse and sexual assault to occur as DORA SCHRIRO  was NOEL MERCED'S supervisor and knew or should have known that he was assaultive and had an extensive history of assaulting inmates and then preparing false reports to cover up instances of excessive or improper uses of force.

54. Defendants authorized, consented to, ratified, and/or affirmed the abusive conduct in question when they negligently and/or recklessly ignored numerous prior reports of excessive force against NOEL MERCED and promoted him to Captain despite his known history of using excessive force.   This was achieved by conspiring with Noel Merced and others to generate false reports and using other officers who had negative investigation and disciplinary histories as scapegoats to cover for those who had extensive histories.

55. Defendants authorized, consented to, ratified, and/or affirmed the abusive conduct in question when they negligently and/or recklessly failed to provide adequate security in the form of locking cells, additional DOC staff, cameras with microphones and speakers in OBCC where Plaintiff was housed.   Defendants were also negligent in not implementing and offering alternatives to minors and other low level offenders such

as ankle monitoring bracelets, home confinement including door cameras, virtual check-ins and online trade and in person trade and educational programs that would allow adolescents to be housed with family or in penal rehabilitative group home environments run by and through the department of corrections.

56. Defendants authorized, consented to, ratified, and/or affirmed the abusive conduct in question when they negligently and/or recklessly failed to properly train their staff on the prevention of rape and/or acquiesced to and/or were deliberately indifferent to it as a form of punishment.

57.  Defendants are liable and responsible for the acts, omissions, and failures in question, as well as the sexual abuse of Plaintiff, under the corporate complicity doctrine, in that they authorized, consented to, ratified and/or affirmed the abusive conduct in question.

58. Defendants were never held accountable for their acts in any way.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF
PLAINTIFF DOE, BASED UPON VIOLATION OF 42 U.S.C §1983 and STATE LAW
CLAIMS PURSUANT TO  ADULT SURVIVORS ACT AND CPLR 214-J**

59. That the Plaintiff repeats, reiterates and realleges each and every allegation contained in the Complaint set forth in paragraphs "FIRST" through "FIFTY-FOURTH" inclusive with the same force and effect as though said allegations were herein fully set forth at length.

60. While Plaintiff was incarcerated  by Defendants and/or each of them from Defendants had a duty to protect Plaintiff from foreseeable injury and had a duty to protect him from foreseeable abuse, assault, and other harms, including but not limited to foreseeable sexual assaults by known predators whom Captain Merced referred to as

"Fruits" on February 20, 2011 prior to the rapes. Cell_Search.mp4 at 24:11. (https://drive.google.com/file/d/0B3xJXD6wHEGJZy1jd2g0R3JEMkE/view?usp=share_link&resourcekey=0-T3Gox0dvTb6sVtvJ7M9m5w)

61.   While the Plaintiff was in custody Defendants had a duty to supervise the inmates thus protecting him from foreseeable harm, abuse, assault, and other harms, including but not limited to sexual assaults as well as emotional abuse, and were responsible for his care, well-being, and safety amongst other things.

62. Further, Noel Merced, in his position as Captain and supervisor during the times Plaintiff was raped, had a duty to protect him from foreseeable harm, abuse, assault, and other harms.

63.   Defendants each individually breached their duty to supervise and protect Plaintiff by intentionally and recklessly causing, permitting and allowing known predators whom Noel Merced referred to as "Fruits" to rape Plaintiff.

64. Defendants breached their duty of care with respect to the Plaintiff and were negligent, careless, and reckless in failing to protect him from foreseeable harm, abuse, assault, and other harms, including but not limited to foreseeable sexual abuse and assaults, as well as physical and emotional abuse.

65.   Defendants had both actual and constructive notice of the sexual abuse and sexually abusive tendencies of the inmates in OBCC and failed to institute appropriate measures to prevent and/or stop the abuse.

66. Defendants had both actual and constructive notice of the sexual abuse and sexually abusive tendencies of the predatory inmates in OBCC, and of the likelihood that they were sexually abusing inmates, in that amongst other things, NOEL MERCED

stated on the partial video received, "There are too many fruits up here why don't we, I want to do a cell inspection to make sure they behave." Cell Search.mp4 at 23:10.

67.   That the defendants violated the Plaintiff's civil rights pursuant to 42 U.S.C. §1983 and the Eighth Amendment prohibition against cruel and unusual punishment by knowingly causing, permitting and allowing Plaintiff to be placed in the maximum security housing area, injuring his arm and crippling him, and allowing him to remain in an area with broken cells where there were violent sexual predators that were known to be assaultive.

68.   That as a result of the §1983 and the Eighth Amendment violations, Plaintiff suffered extreme emotional distress, PTSD, psychosis and extreme emotional damage. Additionally, the defendants failure to acknowledge the violations caused to the plaintiff has further caused extreme emotional and psychological damage.   Additionally the violations 42 U.S.C §1983 violations and the Eight Amendment Violations all timely pursuant to the New York State ADULT SURVIVORS ACT AND CPLR 214-J caused the Plaintiff to endure sexual abuse and sexual assault, as well as emotional abuse, and he sustained serious and severe damage, harm and injuries, and was caused to suffer severe and significant conscious pain and suffering, including psychological suffering, emotional suffering, mental anguish and loss of enjoyment of life, and has incurred medical expenses and other economic damages and loss, and will continue to experience and incur these damages and losses in the future.

69.   The State and City NYPD defendants knew or should have known that failure to provide the proper birth date in Plaintiff's computer files and court paperwork

would result in him being placed in a higher classification housing, making him more susceptible to violence, including sexual violence.

70.   That by reason of the foregoing, the Plaintiff has been damaged in an amount in excess of the jurisdictional limits of all lower Courts which would otherwise have jurisdiction over the Defendants herein.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF DOE, BASED UPON A THEORY OF THEORY OF NEGLIGENCE BASED ON STATE LAW CLAIMS PURSUANT TO  ADULT SURVIVORS ACT AND CPLR 214-J  AS AGAINST ALL  DEFENDANTS**

71.   The defendants were negligent in committing the acts alleged in paragraphs 1-63  herein and in causing permitting and allowing cell doors to be, become and remain broken.

72.   That as a result of the negligence and breach of duty of Defendants, and/or each of them, and/or their agents, servants, employees and/or staff as aforesaid, the Plaintiff endured sexual abuse and sexual assault, as well as emotional abuse, and sustained serious and severe damage, harm and injuries, and was caused to suffer severe and significant conscious pain and suffering, including psychological suffering, emotional suffering, mental anguish and loss of enjoyment of life, and has incurred medical expenses and other economic damages and loss, and will continue to experience and incur these damages and losses in the future.

73.   That by reason of the foregoing, the Plaintiff has been damaged in an amount in excess of the jurisdictional limits of all lower Courts which would otherwise have jurisdiction over the Defendants herein.

**AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF DOE,
BASED UPON A THEORY OF THEORY OF  NEGLIGENT HIRING,
RETENTION,DIRECTION, TRAINING AND SUPERVISION BASED ON STATE
LAW CLAIMS PURSUANT TO  ADULT SURVIVORS ACT AND CPLR 214-J
AS AGAINST ALL DEFENDANTS**

74. That the Plaintiff repeats, reiterates, and realleges each and every allegation contained in the Complaint set forth in paragraphs "FIRST" through "SEVENTY-THIRD" inclusive with the same force and effect as though said allegations were herein fully set forth at length.

75. Defendants and/or each of them had a duty to conduct appropriate and proper hiring, screening, placement, and retention practices to prevent the hiring and retention of those who were known to pose a risk of harm, including but not limited to being assaultive and abusive to the point of being deliberatively indifferent to the high risk and known threat of sexual abuse as well as emotional abuse to inmates in defendants' care, custody and control.

76. Defendants and/or each of them had a duty to adequately and properly direct and train those whom they did hire and/or retain in a reasonably prudent fashion, to prevent those they hired and/or retained from causing permitting and allowing risk of harm, including but not limited to rape/sexual abuse as well as emotional abuse, to inmates as an acceptable form of punishment.

77. Defendants and/or each of them had a duty to prevent known risks of harm, and to prevent their employees and/or staff from inflicting harm upon inmates by way of encouraging, facilitating, failing to protect against and/or turning a blind eye to, and otherwise being deliberatively indifferent to the high risk of sexual violence.

78. Defendants and/or each of them had a duty to properly and adequately supervise, direct, and train their employees and/or staff so as to ensure the safety of those on Riker's.

79.  Defendants and/or each of them had a duty to properly and adequately supervise, direct and train their employees and/or staff so as to ensure that they carried out their duties in a manner which reduced and/or eliminated the risk of harm, including but not limited to sexual abuse as well as emotional abuse, of those in custody, including the Plaintiff herein.

80. Defendants and/or each of them had a duty to properly and adequately supervise, direct, and train their employees and/or staff so as to ensure that they did not cause permit and allow sexual abuse and/or emotional abuse of those in custody, including the Plaintiff herein.

81. Defendants breached their duty to conduct their hiring, screening, placement, and retention practices in a reasonably prudent fashion, and to adequately and properly supervise and/or train their employees and/or staff, including but not limited to NOEL MERCED and DOC staff, in a reasonably prudent fashion.

82. Defendant City of New York  was negligent, careless and reckless in the manner in which they conducted their hiring, screening and retention of each individual Defendant, including but not limited to the defendants listed in the caption, and hired and retained employees and/or staff who had a history of using excessive force, allowing cruel and unusual punishment to be inflicted on inmates and those in custody and covering up the civil rights violations by failing to investigate and encouraging the use creation and use of false reports.

83.   Defendants were negligent, careless, and reckless in the manner in which they supervised, directed and/or trained their employees and/or staff including but not limited to NOEL MERCED, and caused, allowed and permitted their employees and/or staff to cause, permit and allow the rape/sexual abuse of inmates under their supervision.

84. Defendants were negligent, careless, and reckless in the manner in which they supervised, directed and/or trained their employees and/or staff, including but not limited to NOEL MERCED, in that they failed to prevent inmates NOEL MERCED referred to as "Fruits" from raping/sexually abusing as well as emotionally abusing others in custody.

85. Defendants were negligent, careless, and reckless in their failure to properly supervise their agents, servants, employees, and/or staff so as to ensure that they were trained to be aware of and actively preventing rape and sexual abuse; and in failing to monitor the prison with cameras and unaffiliated outside agencies whose only job would be to monitor the prison for the safety of the inmates and the officers.

86. That as a result of the negligent hiring, screening, placement, retention, as well as the negligent training, direction and supervision by defendants, and/or each of them, and/or their agents, servants, employees and/or staff as aforesaid, the Plaintiff herein endured sexual abuse and sexual assault as well as emotional abuse, and sustained serious and severe damage, harm and injuries, and was caused to suffer severe and significant conscious pain and suffering, including psychological suffering, emotional suffering mental anguish and loss of enjoyment of life, and has

incurred medical expenses and other economic damages and loss, and will continue to experience and incur these damages and losses in the future.

87. That by reason of the foregoing, the Plaintiff has been damaged in an amount in excess of the jurisdictional limits of all lower Courts which would otherwise have jurisdiction over the Defendants herein.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, BASED UPON A THEORY OF LIABILITY FOR CREATING A RAPACIOUS ENVIRONMENT IN VIOLATION OF THE NEW YORK CITY ADMINISTRATIVE CODE, TITLE 8: CIVIL RIGHTS 8-803 ET SEQ.**

88. Plaintiff repeats and realleges each and all of the allegations contained in paragraphs "FIRST" through "EIGHTY SEVEN" of the Complaint, with the same force and effect as if set forth herein.

89.  Defendants subjected Plaintiff to disparate treatment and harassment, based on his age.

90. Defendants had both actual and constructive notice of the harassment and risk of rape/sexual assault by the predators in OBCC caused and permitted and allowed the behavior to punish Plaintiff.   Such punishment was cruel and unusual.

91. The disparate treatment of Plaintiff by Defendants was outrageous in light of the Plaintiff's repeated warnings that he was being housed in the wrong area.

92. Defendants are liable for failing to act or take any preventative, mitigating, or corrective action to stop the harassment and rape/sexual abuse of Plaintiff.

93. Defendants are liable for creating a penal system and environment that authorized, encouraged, utilized and ratified cruel and unusual punishment in the form

of rape to punish Plaintiff for perceived acts of disrespect. The defendants were deliberately indifferent to the risks their actions created for Plaintiff.

94. Defendant was unable to complain while incarcerated for fear of losing his life and was expected and required to "hold it down" to survive.

95. Defendants are further liable for the actions of NOEL MERCED because he crippled Plaintiff and left him in OBCC knowing that predators were housed in the same area. Further he had access to electronic information to verify whether Plaintiff was correct in his assertion that he was under the age limit for OBCC housing.

96. As a result of the foregoing discriminatory conduct of Defendants, Plaintiff has suffered humiliation, embarrassment, mental anguish, emotional distress, and loss of enjoyment of life. Plaintiff has incurred damages thereby.

97. That as a result of the negligent infliction of emotional distress of Defendants, and/or each of them, and/or their agents, servants, employees and/or staff as aforesaid, the Plaintiff endured sexual abuse, sexual assault, as well as emotional abuse, and sustained serious and severe damage, harm and injuries, and was caused to suffer severe and significant conscious pain and suffering, including psychological suffering, emotional suffering and emotional distress, mental anguish and loss of enjoyment of life, and has incurred medical expenses and other economic damages and loss, and will continue to experience and incur these damages and losses in the future.

98. That by reason of the foregoing, the Plaintiff has been damaged in an amount in excess of the jurisdictional limits of all lower Courts which would otherwise have jurisdiction over the Defendants herein.

**AS AND FOR A FIFTH §1983 CAUSE OF ACTION ON BEHALF
OF PLAINTIFF FOR VIOLATION OF HIS RIGHT UNDER THE EIGHTH AMENDMENT
PROHIBITING CRUEL AND UNUSUAL PUNISHMENT BASED ON TOLLING OF
STATE LAW CLAIMS PURSUANT TO  ADULT SURVIVORS ACT AND CPLR 214-J**

99. Plaintiff repeats and realleges each and all of the allegations contained in paragraphs "FIRST" through "NINETY NINE" of the Complaint, with the same force and effect as if set forth herein.

100. Defendants subjected Plaintiff to rape and sexual abuse disparate treatment based on his age, housing classification in the maximum security prison OBCC and thus caused, created and allowed other known predators to rape Plaintiff.

101. The defendants knew the risk of rape and assault they placed Plaintiff in and were deliberately indifferent to those risks.

102. Defendants negligent and reckless deliberate indifference constituted a violation of The New York City Administrative Code, Title 8: Civil Rights 8-803 et seq.

103. Defendants are liable for the rape/assault against Plaintiff and for creating and placing him in a  hostile, dangerous, environment the DOC was charge with controlling.

104. Defendants were given both actual and constructive notice of the harassment and sexual abuse.

105.  Defendants are further liable for the actions of NOEL MERCED because he was the Captain supervising Plaintiff's incarceration and they were his supervisors.

106. As a result of the foregoing conduct of Defendants, Plaintiff has suffered humiliation, embarrassment, mental anguish, emotional distress, severe psychological trauma and loss of enjoyment of life. Plaintiff has incurred damages thereby.

107.   That by reason of the foregoing, the Plaintiff has been damaged in an amount in excess of the jurisdictional limits of all lower Courts which would otherwise have jurisdiction over the Defendants herein.

**AS AND FOR A SIXTH CAUSE OF ACTION PURSUANT FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS PURSUANT TO STATE LAW CLAIMS PURSUANT TO  ADULT SURVIVORS ACT AND CPLR 214-J**

108.  Plaintiff repeats and reiterates the above allegations.  As a result of the defendants' acts, Plaintiff suffered from the defendants' intentional infliction of emotional distress in their causing and permitting and allowing the acts to occur and in the subsequent denial of the acts and failure to hold the perpetrators accountable.  As a result of the acts of the defendants and/or each of them, and/or their agents, servants, employees and/or staff as aforesaid, the Plaintiff endured sexual abuse, sexual assault, as well as emotional abuse, emotional damage,  and sustained serious and severe damage, harm and injuries, and was caused to suffer severe and significant conscious pain and suffering, including psychological suffering, emotional suffering and emotional distress, crippling mental anguish and loss of enjoyment of life, and has incurred medical expenses and other economic damages and loss, and will continue to experience and incur these damages and losses in the future.

109.   That by reason of the foregoing, the Plaintiff has been damaged in an amount in excess of the jurisdictional limits of all lower Courts which would otherwise have jurisdiction over the Defendants herein.

**AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF
OF PLAINTIFF BASED UPON A THEORY OF STATUTORY LIABILITY
FOR VIOLATION OF NEW YORK CITY CIVIL RIGHTS LAW AND FOR NEGLIGENT
INFLICTION OF EMOTIONAL DISTRESS BASED ON STATE LAW CLAIMS
PURSUANT TO  ADULT SURVIVORS ACT AND CPLR 214-J**

110.  Plaintiff repeats and realleges each and all of the allegations contained in paragraphs "FIRST" through "ONE HUNDRED AND NINE" of the Complaint, with the same force and effect as if set forth herein.

111.  The defendants breached a duty to the plaintiff that unreasonably endangered the plaintiff's physical safety or caused the plaintiff to fear for his physical safety.

112.  The defendants exhibited extreme and outrageous conduct ; thus creating extreme emotional distress, psychological damage, and extreme emotional damage.

113.  Defendants were given both actual and constructive notice of the harassment and sexual abuse/rape, were deliberately indifferent to the risk, caused and created the conditions for the assaults to occur and did nothing to stop it.

📄 Schriro Jail Scandal.pdf

([https://drive.google.com/file/d/1cz-BGR1ZaMA0I_J_-8Patf5uVH8Rnbaj/view?usp=sharing](https://drive.google.com/file/d/1cz-BGR1ZaMA0I_J_-8Patf5uVH8Rnbaj/view?usp=sharing))

([https://www.justice.gov/sites/default/files/usao-sdny/legacy/2015/03/25/SDNY%20Rikers%20Report.pdf](https://www.justice.gov/sites/default/files/usao-sdny/legacy/2015/03/25/SDNY%20Rikers%20Report.pdf))

- WHEREFORE, Plaintiff  demands a monetary judgment in the form of damages against the Defendants and/or each of them, on the First Cause through Seventh Causes of Action jointly and severally against each of the defendants in their official and individual capacities and seeks punitive

damages against all defendants.   PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES.

Dated: White Plains, New York
       October 2, 2023


Rawlins Law, PLLC


*Gary Rawlins*
/s/GR2049
Attorney for Plaintiff John Doe
12 Main Street, Suite 287
Brewster, NY 10509
212-926-0050
rawlinsfirm@gmail.com