UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

JOHN DOE,

        Plaintiff,

   -against-                                        23 civ. 3202 (CM)(JW)

CITY OF NEW YORK, ET AL.

        Defendants.

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/08/2023

MEMORANDUM ORDER DENYING MOTION FOR LEAVE
TO PROSECUTE CASE AS "JOHN DOE" AND ORDER
SETTING SCHEDULE FOR HANDLING CASE

McMahon, J.:

    This case is brought under Sections 1983 and 1985 and the New York State Adult Survivors Act, CPLR 214-j, by a young man who claims that he was repeatedly sexually assaulted while incarcerated at Rikers Island in December 2010.

    The plaintiff seeks to prosecute his case anonymously, using the initials BR.

    The motion is DENIED.

    In deciding whether a plaintiff may be permitted to file a case under a pseudonym, a district court is required to strike a balance between the plaintiff's need for anonymity against the countervailing considerations of Fed. R. Civ. P. 10 and the public's interest in full disclosure. In *In re Sealed Case*, 537 F. 3d 185 (2d Cir. 2008), the Second Circuit "note[d] with approval" ten factors that a court might consider when weighing that balance: (1) whether the litigation involves matters that are "highly sensitive and [of a] personal nature;" (2) whether identification poses a risk of retaliatory physical or mental harm to the ... party [seeking to proceed anonymously] or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;" (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff

to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff. That list is non-exhaustive, but in this case it is more than sufficient.

For in this case, the balance is easily struck. In January 2012, the plaintiff in this case brought a lawsuit against the City and certain of the same defendants (a different Commissioner of Corrections was in office at the time) in Supreme Court: Bronx County, seeking damages arising out of the incidents that form the basis of this complaint. The complaint is styled *Boris Racine v. City of New York*, Index No. 2012-002653 (or perhaps 300158-2012, see Docket # 22) (hereinafter, the Bronx County Action).[1] So while this lawsuit involves highly sensitive matters (including allegations of sexual assault) that might otherwise cause the court at least to pause before directing that the matter proceed under the plaintiff's name, Factor 7 (whether Plaintiff's identity has thus far been kept confidential) is dispositive. Plaintiff elected to publicly disclose his identity when he filed the Bronx County Action, which is predicated on the same facts and appears to assert at least some of the same claims as the instant action. That being so, plaintiff fails to convince the court that he will suffer any additional harm by being identified by the same name in this federal lawsuit. Certainly the plaintiff has not indicated that he is at risk of retaliation (he is no longer incarcerated at Rikers Island, where the terrible things of which he accuses the defendants allegedly took place); and the prior action that is (apparently) currently pending in the Bronx has already worked whatever harm might be worked to his reputation – though it is hardly his reputation that is at issue here. The underlying arrest that put him at Rikers in the first place is, of course, a matter of public record.

The moving papers indicate that the plaintiff has "changed his name" since the incidents in suit took place. I do not know if he changed his name to Boris Racine, or if he has abandoned the name Boris Racine and adopted a new one. The court directs that he prosecute this case under the name Boris Racine – the name under which he was arrested and the name he is using in connection with the Bronx County Action. If he has changed his name to something else, he does not need to substitute that new name for the name Boris Racine.

I find it appalling that a civil action could be pending in the New York State Supreme Court for over eleven years. I suspect that the endless delay in the Bronx is the reason why this case was filed here. And I would like to help Mr. Racine finally get his day in court if I could.

However, I recognize that there may be valid procedural defenses to some or even all of the claims asserted herein – including that there is a prior action pending in the forum of his original choice. It is not at all clear to me that the Adult Survivors Act helps Mr. Racine, since that act does not create new causes of action that he can now assert, but simply extends the statute of limitations on claims that accrued twelve and more years ago – claims, both state and federal, that plaintiff appears to have asserted over a decade ago in the New York State Supreme Court. He elected his forum then; he may well be stuck with it now, despite the unconscionable delay in the resolution of his matter.

---

[1] The complaint in the Bronx County Action was provided by the Corporation Counsel and was filed under seal pending a decision on this motion. In light of the decision I have reached, the Clerk will be directed to unseal Docket #22.

  To help me get to the bottom of this quickly, the Corporation Counsel must give me the following information by November 21, 2023: (1) the names of any defendants in this case that it is representing in the Bronx County Action; (2) the names of any defendants in this case whom it is not representing in the Bronx County Action, together with the names and addresses of the attorneys who are appearing for those defendants in the Bronx County Action; (3) the City's intentions with respect to motions to dismiss on technical (limitations, prior action pending) grounds. I will then set an EXPEDITED motion schedule. To that end, Plaintiff's counsel had best get all the defendants served promptly. If the City is representing a defendant in the Bronx, it must either accept service for that defendant in this action or give me a very good reason why it cannot do so.

  The Clerk of Court is directed to close the motions at Docket #2 (which motion was prematurely closed), 7, 19 and 21.

Dated: November 8, 2023

*/s/ Colleen McMahon*
U.S.D.J.

BY ECF TO ALL COUNSEL
BY EMAIL TO MAGISTRATE JUDGE WILLIS